IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHAD K. REIMER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 16-91-GF-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Chad K. Reimer's application for writ of habeas corpus under 28 U.S.C. § 2254. Reimer is a state prisoner proceeding pro se.

### I.  Procedural History

In 1989, the State of Montana charged Reimer with deliberate homicide and two counts of felony assault in the Twelfth Judicial District Court, Hill County. *See* Pet. (Doc. 1 at 2) (*see also State v. Reimer*, No. DA 15-0409, 2016 MT 71N, ¶ 2 (March 22, 2016))[1]. The charges were amended, and pursuant to a plea agreement, Mr. Reimer was convicted of mitigated deliberate homicide and sentenced to a forty-year prison term. (Doc. 1 at 3). Mr. Reimer was also

---

[1] All Montana State Court decisions and briefing from the parties referenced herein are available at: https://supremecourtdocket.mt.gov. (Accessed September 12, 2016).

1

designated as a persistent felony offender (PFO) and received a fifteen year sentence and an additional 4 year enhancement for use of a weapon. *Id*. The court ordered all sentences to run consecutively. Thus, Reimer received a net sentence of fifty-nine years.

In 2014, Reimer filed a petition for a writ of habeas corpus arguing that his sentence was facially invalid, pursuant to *State v. Lott*, 2006 MT 279, 334 Mont. 270, 150 P. 3d 337, because he received two separate sentences for mitigated deliberate homicide and the persistent felony offender designation. *See Reimer v. Kirkegard*, No. OP 14-0793, Or. (Mont. Feb. 25, 2015). The State conceded the issue and the matter was remanded with a directive to the trial court to resentence Reimer as a persistent felony offender. *Id*. at 1-2.

On remand, an updated presentence investigation was ordered and a sentencing hearing was held before a new trial court judge. Ultimately, the court resentenced Reimer to 55 years for the PFO designation and eight years, with four of those years suspended, for the use of a weapon enhancement. *See State v. Reimer*, No. DA 15-0409, 2016 MT 71N Or. (Mont. March 22, 2016).

Reimer appealed and argued that the increased sentence he received for the weapon enhancement on remand violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his original sentencing judge made the findings for enhancing Reimer's 1989 sentence, and upon remand the judge did not follow *Apprendi* by

2

having Reimer establish the factual basis for the enhancement. *See State v. Reimer*, No. DA 15-0409, Br. Appellant at 2-4 (filed Sept. 14, 2015). Reimer also argued that the increased sentence on remand, without any explanation from the trial court, violated double jeopardy and unconstitutionally increased his original sentence in violation of Reimer's right to due process. *Id*. at 4.

In response, the State referenced a portion of the plea agreement Reimer signed wherein he acknowledged using a firearm during the commission of the offense, as well as the plea colloquy. *State v. Reimer*, No. DA 15-0409, Br. Appellee, at 2 (filed Dec. 28, 2015). Based primarily upon these two acknowledgments by Reimer, the state argued that a finding Reimer used a weapon in commission of the offense did not need to be made by a jury, pursuant to *Apprendi*. *Id*. at 6-8. The State then relied on *North Carolina v. Pearce*, 395 U.S. 711 (1969), to argue the trial court relied upon permissible factors in resentencing Reimer to the additional 4 year suspended term. *Id*. at 11- 15. The court considered the following: Reimer's criminal history and behavior prior to the commission of the underlying offense, the circumstances of the underlying offense, Reimer's post-sentencing behavior in prison and corresponding and disciplinary actions, and a psychological report. *Id*. at 13-14.

In his reply, Reimer persisted in his argument that an *Apprendi* violation occurred but also contended that the trial court erred when it exceeded the scope of

3

the Montana Supreme Court's mandate on remand directing Reimer to be resentenced as a persistent felony offender. *State v. Reimer*, No. DA 15-0409, Appellant Reply, at 3 (filed Jan. 14, 2016).

The Montana Supreme Court determined that no *Apprendi* or Due Process violations occurred. *State v. Reimer*, No. DA 15-0409, 2016 MT 71N, Or. at ¶ 4 (Mont. March 22, 2016), *citing Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in the original). The Court reasoned that because Reimer admitted to using a firearm in the commission of a crime, the trial court did not err in subjecting Reimer to a weapon enhancement. *Id*. Further, because the trial court on resentencing did not increase the penalty beyond the statutory maximum, there was no *Apprendi* violation. *Id*.

Additionally, the Court was not swayed by Reimer's argument that he had been resentenced vindictively in violation of the Double Jeopardy Clause. The Court noted that due process is offended only when a sentence is imposed vindictively in retaliation for an individual exercising his right to appeal. *Id*. at ¶ 5; *North Carolina v. Pearce*, 395 U.S. 711,725 (1969). The Court observed, based upon the record before it, ample objective information existed from which it could be determined that justification existed for the increase in Reimer's sentence and, thus, the lower court did not act vindictively. *Id*. at ¶ 6.

Reimer filed a petition for rehearing, reasserting his contention that the trial

4

court exceeded the limited mandate from the Montana Supreme Court upon remand when it altered the original sentence for the use of a dangerous weapon enhancement. *State v. Reimer*, No. DA 15-0409, Pet., at 2-3 (filed Apr. 4, 2016). The Montana Supreme Court was not swayed and determined that it had already addressed the issue in the Order affirming the judgment following Reimer's resentencing. *State v. Reimer*, No. DA 15-0409, Or. deny pet., at 3 (filed May 4, 2016).

## II. Claims

Reimer alleges the he was resentenced in violation of the Fourteenth Amendment. First, Reimer asserts that an *Apprendi* violation occurred because he did not admit to knowingly using a weapon in the commission of the offense; thus, there was no basis to impose the weapon enhancement. (Doc. 1-1 at 1.) Next, Reimer alleges that on remand the court vindictively enhanced his sentence. *Id*. at 1-2. Reimer asks this Court to dismiss the weapon enhancement in accordance with *Apprendi* or, in the alternative, strike the additional 4 year suspended portion of the weapon enhancement sentence. *Id*. at 2.

## III. Analysis- AEDPA Deference

On September 26, 2016, this Court directed Reimer to show cause why the prior merits adjudication of his claims by the Montana Supreme Court was unreasonable. (Doc. 5.) It was explained to Reimer that unless he could make

5

such a showing, this Court was required to defer to the state court decision under 28 U.S.C. § 2254(d). (*Id*. at 6-9.) Reimer was directed to the ways in which he might make such a showing. (*Id*.) Reimer timely responded. (Doc. 6.)

Much like he argued before the Montana Supreme Court, Reimer argues here that the trial court exceeded its mandate when it resentenced him as a persistent felony offender sentence and, additionally, disturbed the original sentence Reimer received for the use of a weapon enhancement. (*Id*. at 1-3.) Although it seemed Reimer was initially arguing that the Montana Supreme Court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(2), it now appears that he is attempting to argue the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1).

In support of his argument, Reimer cites to *United States v. Thrasher*, 483 F. 3d 977, 982 (9th Cir. 2007); *United States v. Lewis*, 862 F. 2d 748 (9th Cir. 1988); and, *United States v. Minor*, 846 F. 2d 1184 (1988) (*citing In re Sanford Fork & Tool Co.*, 160 U.S. 247 (1895)) for the contention that the trial court exceeded its authority and violated "the law of the case" and "the rule of mandate" when it disturbed the lawful weapon enhancement sentence. *See* (Doc. 6 at 2-3.)

The problem with the argument Reimer advances before this Court is that he

6

presented the same argument to the Montana Supreme Court in both his reply brief and in his petition for rehearing. Certainly the Court that issued the remand order to the trial court knew the anticipated scope of its own remand order. Had the Montana Supreme Court believed the trial court acted out of bounds it was in the position to correct judgment issued following Reimer's resentencing. Rather than do so, the Court expressly rejected Reimer's arguments relative to the rule of mandate/scope of remand and affirmed the judgment from Reimer's resentencing. The direct inference being that the Montana Supreme Court believed the trial court acted in accordance with the remand order. The principle of comity reflected in AEDPA militates against this Court disturbing the state court's decision. Moreover, the cases upon which Reimer primarily relies are Circuit opinions and do not constitute "clearly established federal law, as determined by the Supreme Court of the United States" under § 2254(d)(1).

Thus, Reimer has failed to meet his burden of overcoming the highly deferential standards AEDPA imposes upon him. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Reimer has not established the merits adjudication by the Montana Supreme Court was "so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement.'" *Bemore v. Chappell*, 788 F. 3d 1151, 1160 (9th Cir. 2015).

Because Reimer failed to show cause as to why the adjudication of his claim

was unreasonable, the Montana Supreme Court's decision is afforded deference under 28 U.S.C. § 2254(d). This matter is recommended for dismissal with prejudice.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reimer has not made a substantial showing that he was deprived of a constitutional right. Moreover, he has failed to overcome his burden relative to the highly deferential standard AEDPA places upon this Court in reviewing the Montana Supreme Court's adjudication of the merits of his claims under 28 U.S.C. § 2254(d). There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

# RECOMMENDATION

1. Reimer's petition should be **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A Certificate of Appealability should be **DENIED**.

Mr. Reimer may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Reimer must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of October 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.