

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHAD K. REIMER, | CV 16–91–GF–DLC–JTJ |
| Petitioner, | ORDER |
| vs. | |
| LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al., | |
| Respondents. | |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on October 5, 2016, recommending denial of Petitioner Chad K. Reimer's ("Reimer") application for writ of habeas corpus under 28 U.S.C. § 2254. Reimer timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United*

*States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar with the facts of this case and they will not be repeated here.

Turning to the objections, Reimer contends that Judge Johnston erred by relying on the minutes of his trial when he issued his Findings and Recommendations. Reimer asserts that his violates Rule 5 of the Rules Governing § 2254 Cases in the United States District Court. This rule holds that a respondent's "answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. . . . If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." 28 U.S.C. § 2254 Rule 5(c). Reimer thus argues that Judge Johnston should have ordered the state to furnish a copy of his trial transcripts before issuing the Findings and Recommendations.

The Court first points out that Rule 5 only comes into play if a judge orders a respondent to answer the petition. Here, that was not done. Second, Reimer's argument, read liberally, could be asserting that his Due Process rights have been violated because he was not provided a transcript of his trial when he filed his collateral appeal to the Montana Supreme Court. *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (citations omitted) (when the state provides for appellate

review, an indigent defendant must be provided with a "record of sufficient completeness to permit proper consideration of (his) claims."). However, Reimer never raised this argument in his habeas petition (Doc. 1) or in his response to Judge Johnston's Order to show cause (Doc. 6). Because Reimer did not raise this argument before Judge Johnston, it would be inappropriate for this Court to consider the argument now.[1] *See Greenhow v. Sec. of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").

Consequently, because Reimer failed to raise specific arguments to the

---

[1] Nevertheless, even if the Court were to entertain this argument, it appears that the Montana Supreme Court found that it was Reimer's responsibility to produce a copy of his trial transcripts for appellate review. *See Montana v. Reimer*, No. DA 15-0409, 2016 MT 71N Or. (Mont. March 22, 2016) ("Reimer has a duty to provide this Court 'with a record sufficient to enable it to rule upon the issues raised.' Reimer failed to provide a transcript of the sentencing hearing. Therefore, he has not presented this Court with a record sufficient to determine whether the District Court acted vindictively in increasing the weapons enhancement sentence.") (citations omitted). Reimer, however, contends that as an indigent appellant it was the responsibility of state to provide a copy of his trial transcripts. Despite this contention, there is no evidence in the record that Reimer made this argument to the Montana Supreme Court.

rulings made in the Findings and Recommendations, the Court will review for clear error. *See* 28 U.S.C. § 636(b)(1)(c) (stating that de novo review is only appropriate when an objector identifies the "specified proposed findings or recommendations to which objection is made"); *see also* L.R. 72.3(a)(2) ("An objection filed pursuant to 28 U.S.C. § 636(b)(1) must itemize . . . each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation."). Upon review of the Findings and Recommendations, the Court finds no clear error in Judge Johnston's conclusion that Reimer failed to show why adjudication of his claim by the Montana Supreme Court was unreasonable and does not merit deference by this Court.

Accordingly, there being no clear error in Judge Johnston's Findings and Recommendations, IT IS ORDERED that:

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL.

(2) Reimer's Petition (Doc. 1) is DISMISSED WITH PREJUDICE.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

DATED this 22nd day of December, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court